UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONELL THOMAS HAYNIE,<br><br>Petitioner,<br><br>v.<br><br>MARTIN BITER, Warden,<br><br>Respondents. | No. 2:13-cv-1876 DAD P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. He has also filed a motion for a stay and abeyance.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

In his petition for writ of habeas corpus, petitioner challenges a judgment of conviction entered against him on August 30, 2010 in the Sacramento County Superior Court for kidnapping and possession of methamphetamine. According to the form petition before this court, on February 13, 2013, the California Court of Appeal for the Third Appellate District affirmed his conviction, and on May 1, 2013, the California Supreme Court denied review. (Pet. at 2-3.)

1

In the pending petition, petitioner asserts claims of ineffective assistance of trial counsel, violation of the Fourteenth Amendment Due Process Clause, and ineffective assistance of appellate counsel. Petitioner acknowledges in his motion for a stay and abeyance that his ineffective assistance of appellate counsel claim has not been exhausted in state court and asks this court to stay these proceedings while he exhausts that claim. (Pet. at 6 & Mot. for Sty. & Abeyance)

**STAY AND ABEYANCE PROCEDURES**

The United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41. See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims.

1  Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain
2  pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at
3  1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court
4  has discretion to stay a mixed petition to allow a petitioner time to return to state court to present
5  unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in
6  many instances, avoid an issue with respect to the timeliness of his petition. See King, 564 F.3d
7  at 1140. However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines
8  procedure] should be available only in limited circumstances," and "district courts should place
9  reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78.
10 The Supreme Court explained that district courts should not grant a stay if the petitioner has
11 engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly
12 meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and
13 reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional
14 claims. Id. at 277-78.

**DISCUSSION**

16  Based on petitioner's filing of a "mixed" petition in this court as well as petitioner's brief
17 reference to Rhines in his motion for stay and abeyance, the court has construed petitioner's
18 motion for a stay and abeyance as a motion under the Rhines procedure outlined by the United
19 States Supreme Court. However, based on the information petitioner has provided to the court in
20 his motion for a stay and abeyance, it is not clear that the granting of a stay and abeyance under
21 Rhines is appropriate in this case. In this regard, petitioner's motion for a stay and abeyance does
22 not set forth sufficient facts and information to satisfy the requirements of Rhines. The court is
23 unable to determine whether petitioner has good cause for not having exhausted all of his claims
24 before filing this federal habeas action, whether petitioner's unexhausted claims are potentially
25 meritorious, or whether petitioner has been diligent in pursuing his unexhausted claims. See
26 Taylor, 134 F.3d at 987 n. 8 & n. 11 (failure to show diligence in pursuing claims may foreclose
27 the granting of a stay). Accordingly, the court will deny petitioner's motion without prejudice to
28 the filing of a renewed motion for a stay and abeyance.

The court will grant petitioner thirty days to file a renewed motion for a stay and abeyance. The motion must (1) show good cause for petitioner's failure to exhaust all claims before filing this action, (2) demonstrate why each of petitioner's unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted diligently in pursuing his unexhausted claims.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 6) is granted;

2. Petitioner's motion for a stay and abeyance (Doc. No. 2) is denied without prejudice; and

3. Petitioner is granted thirty days from the date of this order in which to file and serve a renewed motion for a stay and abeyance addressing the issues set forth above.

Dated: January 27, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hayn1876.msty